UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT STEEL, INC., Debtor | Case No. 10-71462-BHL-11 |

DEBTOR'S FIRST DAY MOTION #2

**<u>Motion Seeking Interim and Final Approval Authorizing Debtor to Obtain Post-petition Secured Financing for Jack D. Cook as a Junior Lender</u>**
(pursuant to 11 U.S.C. Sections 105(a), 361, 363, 364, 503 and 507 of the Bankruptcy Court)

Patriot Steel Inc., as a debtor-in-possession, submits this Motion for an Interim and Final Order approving the receipt, use and terms of post-petition secured financing as negotiated

between the Debtor and Jack D. Cook ("Junior Lender") pursuant to 11 U.S.C. Sections 105(a), 361, 363, 364, 503 and 507.

1. Pursuant to 28 USC Section 1334 and 157, the Court has jurisdiction to hear this Motion. Under 28 U.S.C. Section 157(b)(2)(A)(D) and (O), this matter is a core proceeding.

2. On August 17th 2010, the Debtor filed a voluntary petition for relief ("Case") under Chapter 11 of Title 11 of the United States Code ("Code"), in the United States Bankruptcy Court ("Court") for the Southern District of Indiana. Pursuant to Section 1107(a) and 1108 of the Code, the Debtor is operating its business and managing its property as a debtor-in-possession.

3. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been appointed in this Case.

4. Debtor is the operator of a full-line steel service center, possessing inventory of flange beams, I beams, channel, angle, flats rounds, pipe, square tubing, rectangular tubing, sheet steel, plate and grating, which is sold to customers in the fabrication and construction industries. Debtor also processes steel for customers offering cut to length, shearing, forming, custom saw cutting, and high definition plasma burning.

5. Essential to the operation of Debtor's business is the ability to acquire inventory which in turn is sold to customers for a profit.

2

6. Debtor no longer has sufficient funds to be able to purchase inventory and meet operating expense and needs access to credit to continue its operation and to reorganize.

7. Debtor has made reasonable efforts, under its present financial circumstances, to locate unsecured financing of the type contemplated herein, in its ordinary course of business or otherwise, to no avail.

8. Debtor has made reasonable efforts, under its present financial circumstances, to locate secured financing of the type contemplated herein, in its ordinary course of business or otherwise on more favorable terms and conditions than those provided in the following Junior DIP Loan Documents, and the separately proposed Senior DIP Loan Documents, to no avail.

9. Debtor, since July 1st 2008 has participated in an asset based lending relationship ("Prepetition Facility") with U.S. Bank National Association ("Senior Lender"), by which Debtor was able to borrow operating funds under revolving loans based upon a formula secured by Debtor's inventory and accounts receivable.

10. The aggregate unpaid principal, interest, fees, costs and expenses of the loans advanced under the Prepetition Facility is $772,282.72 as of August 16th 2010, all of which is secured by prepetition liens and security interests in Debtor's inventory, accounts and proceeds with a salable value which is at least equal to the Prepetition Indebtedness.

11. In order to provide Debtor with funds to use for its general operating, working capital and such other general corporate purposes as may be permitted by the Court and applicable law, Debtor has requested Senior Lender provide postpetition financing in an

3

amount calculated according to a 13 week budgetary projection incorporate herein as **Exhibit A to First Day Motion #1.**

12. Senior Lender has agreed to provide Postpetition financing, but only upon the terms contained in various loan documents incorporated herein as **Exhibit B to First Day Motion #1** as well as any other documents, instruments, or agreements related thereto or delivered to or executed in connection therewith (the "Senior DIP Loan Documents").

13. Under the terms of the proposed post-petition finance agreement, Senior Bank is offering Debtor a revolving - asset based - formula loan in the aggregate principal amount of up to $3,000,000 with the retention of its existing Senior Lender's liens on pre-petition collateral and the granting of additional Senior Liens in favor of U.S. Bank in the form of certain superpriority claims.

14. As a condition to Senior Lender's postpetition DIP financing, Debtor must secure $500,000 in addition funding to purchase inventory which is available as describe and set forth in the loan documents described in **Exhibit C to First Day Motion #1** incorporated herein (the Junior DIP Loan Documents").

15. The relief requested in this Motion is necessary, essential and appropriate for the continued operation of the Debtor's business, and the management and preservation of its property, and in the best interest of the Debtor, its estate and its creditors.

16. The terms and conditions of the Senior DIP Loan Documents have been negotiated in good faith and at arms' length by all parties involved.

17. Debtor also requests the scheduling of a final hearing for the purpose of seeking the approval of the relief requested in this Motion on a final basis, with notice as required in the Court's interim order.

18. No Creditor's Committee has been appointed in this case at this time.

19. Debtor has made reasonable efforts to afford the best notice possible of the Interim Hearing and the emergency relief requested in this Motion to those interested parties listed on the attached certificate and in conformity with the requirements set forth in Local Rule B-9013-3(e) and Federal Rules of Bankruptcy Procedure 4001(b)(1)(B).

WHEREFORE, the Debtor prays the Court to enter an Interim Order granting this Motion authorizing Debtors to obtain postpetition Junior secured financing pursuant to the terms contained in **Exhibit C**; to schedule a final hearing upon this Motion and set forth the notice provisions applicable to said final hearing, and to grant such other relief as is just.

August 17, 2010                                  /s/ <u>Maurice Doll</u>
                                                 Maurice Doll

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the forgoing has been furnished via electronic transmission, e-mail or U.S. Mail to all interest parties listed below this 17th day of August, 2010.

DISTRIBUTION LIST:

Patriot Steel, Inc.
3350 Claremont Ave.      By fax to 434-4117 & by e-mail to jcook@partiotsteel.com
Evansville, IN 47712

Jack D. Cook
4801 Royal Oak Dr.      By fax to 434-4117 & by e-mail to jcook@patriotsteel.com
Evansville, IN 47720

Chrystal Jones
4801 Royal Oak Dr.      By fax to 434-4117 & by e-mail to cdjinvest@aol.com
Evansville, IN 47720

Investment Concepts LLC
Attn. Chrystal Jones
4801 Royal Oak Dr.      By fax to 434-4117 & by e-mail to cdjinvest@aol.com
Evansville, IN 47720

Patriot Classic Cars
Attn. Jack D. Cook
4801 Royal Oak Dr.      By fax to 434-4117 & by e-mail to cdjinvest@aol.com
Evansville, IN 47720

Patriot Steel Trucking LLC
Attn. Jack D. Cook
3350 Claremont Ave.      By fax to 434-4117 & by e-mail to cdjinvest@aol.com
Evansville, IN 47712

U.S. Bank National Association
c/o Randy LaTour      By fax to 614-719-4752 & by e-mail to RDLaTour@vorys.com
Vorys, Sater, Seymour and Pease LLP    and by e-mail to jcookdubin@vorys.com
52 East Gay Street
Columbus, Ohio 43215

Integra Bank National Association
c/o Mark Samila      By fax to 812-423-3841 & by e-mail to msamila@kddk.com
Kahn, Dees, Donovan & Kahn, LLP
P.O. Box 3646
Evansville, IN 47735

Integra Bank National Association
John W. Whyman, Asst. Vice President
P.O. Box 868                By fax to 812-461-9538 & by e-mail to jwhyman@integrabank,com
Evansville, IN 47705

Ameristeel
c/o Jeffery W. Spear
Duane Morris              By fax to 412-202-4303 & by e-mail to JWSpear@duanemorris.com
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802

Ronald J. Moore
Office of the U.S. Trustee
101 W. Ohio St., Suite 1000  By fax to 317-226-6356 & by email to Ronald.Moore@usdoj.gov
Indianapolis, IN 46204

Nucor Corporation
Nucor-Yamato Steel Com
c/o Scott M. Tyler          By fax to 704-378-1963 & by e-mail to scottyler@mvalaw.com
Morre & VanAllen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003

Atlas Tube
P.O. Box 673318             By fax to 734-738-5604
Detroit, MI 48267-3318

Center Steel Sales, Inc.
c/o Euler Hermes            By fax to 313-386-7205
600 s. 7th St.
Louisville, KY 40201-1672

CMC Steel
P.O. Box 121054             By fax to 214-689-5886
Dallas, TX 75312-1054

Primary Steel Namasco       By fax 678-259-8873 & by e-mail to KJohnson@namasco.com
Attn. Kirk Johnson CFO
500 colonial Center Parkway
Suite 500
Roswell, GA 30076

Schultheis Insurance Agency
P.O. Box 2728               By fax to 812-474-2280
Evansville, IN 47728

7

Southland Tube, Inc.
Attn. Craig Hill    By e-mail to craig@southlandtube.com
P.O. Box 1205
Birmingham, AL 35201-1205

Steel Dynamics #316
36260 Treasury Center    By fax to 260-969-3590
Chicago, IL 60694

Superior Supply & Steel
P.O. Box 972291    By fax to 337-625-3240
Dallas TX 75397-2291

West Memphis Steel
P.O. Box 697    By fax to 870-732-5280
West Memphis, AR 72301


August 17, 2010                    /s/ Maurice Doll
                    Maurice Doll, Attorney at Law, IN Bar #4554-42
                    Morrie Doll &Associates llc
                    P.O. Box 703
                    Newburgh, IN 47629
                    812-858-5200, fax 812-858-5204
                    morriedoll@hotmail.com