UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT STEEL, INC., | Case No.: 10-_____ |
| Debtor. | |

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 361, 363, 364, 503 AND 507 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 AUTHORIZING DEBTORS TO OBTAIN POSTPETITION SECURED FINANCING**

Before the Court is the motion, dated August 17, 2010 (the "Motion") of Debtor Patriot Steel, Inc. ("Debtor") seeking interim and final approval authorizing Debtor to obtain post-petition secured financing for U. S. Bank Association as a Senior Lender. The Motion seeks an Order providing for, among other things:

(i) The Debtor to obtain postpetition financing from U.S. Bank National Association ("Senior Lender") in the aggregate principal amount of up to $3,000,000 subject to the

conditions set forth in the Senior DIP Loan Documents (as that term is defined below) (the "Senior DIP Financing");

(ii)  Debtor to execute and enter into all documents, and to perform such other acts that may be required in connection with, the Senior DIP Financing;

(iii)  The retention of Senior Lender's liens on Prepetition Collateral (as defined below), and the granting of additional liens in favor of Senior Lender on Senior DIP Collateral (as defined below);

(iv)  The granting of certain superpriority claims to Senior Lender;

(v)  Debtor to obtain additional, junior postpetition financing from Jack D. Cook, Chrystal D. Jones and Investment Concepts, LLC (collectively, "Junior Lender") in the initial principal amount of $500,000 (the "Junior DIP Financing"); and

(vi)  The scheduling of a final hearing (the "Final Hearing") to consider the relief requested in the Motion and the entry of a Final Order (as defined below), and approving the form of notice with respect to the Final Hearing; all as more fully described in the Motion.

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  Commencement Date.  Commencing on August 17, 2010 (the "Commencement Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana (the "Court") commencing this case.

B.  Debtor in Possession.  The Debtor is continuing to manage and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

C. <u>Jurisdiction and Venue.</u> The Court has jurisdiction, pursuant to 28 U.S.C. §§ 157 and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for this case appears proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D. <u>Statutory Committee.</u> As of the date hereof, the United States Trustee for the Southern District of Indiana (the "<u>U. S. Trustee</u>") has not yet appointed an official committee of unsecured creditors in this case or other committee that may be appointed pursuant to section 1102 of the Bankruptcy Code (a "<u>Statutory Committee</u>").

E. <u>Necessity of Relief Requested.</u>

   a. Debtor is in critical need for funds during the pendency of its chapter 11 case. In order to provide Debtor with funds to use for its general operating, working capital and such other general corporate purposes as may be permitted by the Court and applicable law, Debtor has requested that Senior Lender provide postpetition financing in an amount calculated according to the 13-week budgetary projection (interchangeably with any future 13-week projection required by this Order or the Senior DIP Loan Documents, including as the Senior DIP Loan Documents may be amended, the "<u>13-Week Projection</u>") attached hereto and incorporated herein as **Exhibit A**. Debtor has requested that Junior Lender provide an additional $500,000 in postpetition financing.

   b. Debtor is requesting approval of the Senior DIP Financing subject to the terms and conditions described and set forth in the various loan documents described in **Exhibit B** attached hereto and incorporated herein, as well as any other documents, instruments, or agreements related thereto or delivered or

3

executed in connection therewith (the "<u>Senior DIP Loan Documents</u>"). The Debtor will suffer substantial harm unless this Court immediately authorizes the Debtor to obtain the Senior DIP Financing in accordance with the Senior DIP Loan Documents.

    c. Debtor also seeks approval of the Junior DIP Financing subject to the terms and conditions described and set forth in the loan documents described in **Exhibit C** attached hereto and incorporated herein (the "<u>Junior DIP Loan Documents</u>").

    d. The relief requested in the Motion is, therefore, necessary, essential, and appropriate for the continued operation of the Debtor's business, and the management and preservation of its property. Entry of this Interim Order is in the best interests of the Debtor, its estate and its creditors.

    F.    <u>No Comparable Credit Available on More Favorable Terms</u>. The Debtor has made reasonable efforts, under the circumstances, to locate financing of the type contemplated by this Order, and the Court expressly finds that the Debtor is unable to obtain, in the ordinary course of business or otherwise, financing of the type contemplated herein on an unsecured basis. The Debtor is also unable to obtain secured credit on more favorable terms and conditions than those provided in the Senior DIP Loan Documents, the Junior DIP Loan Documents, and this Order.

    G.    <u>Senior Lender's Requirements</u>. Senior Lender is willing to lend money and provide other financial accommodations to the Debtor only on the terms and conditions and with the protections provided herein and in the Senior DIP Loan Documents and is relying on such

terms, conditions, and protections in agreeing to lend money and provide financial accommodations to the Debtor hereunder.

H. <u>Good Faith</u>. The terms and conditions of the Senior DIP Loan Documents have been negotiated in good faith and at arms' length by all parties involved, and Senior Lender and the Debtor have offered sufficient proof thereof. Accordingly, the Court expressly finds that the terms of the Senior DIP Loan Documents have been extended in good faith and that any credit extended, loans to be made, or other financial accommodations granted to the Debtor pursuant to the Senior DIP Loan Documents shall, in each case, be deemed to be extended in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

I. <u>Debtor's Acknowledgments and Agreements Regarding the Prepetition Facility</u>. Prior to the Commencement Date, the Debtor was a party to that certain Financing Agreement, dated as of July 1, 2008 (as in effect on the date hereof, the "<u>Financing Agreement</u>"), with U.S. Bank National Association as Bank (together with all related documents and agreements, as amended or modified, the "<u>Prepetition Facility</u>"). The Debtor acknowledges and agrees that: (i) the aggregate unpaid principal amount of the loans advanced under the Prepetition Facility is $772,282.72 (collectively, the "<u>Prepetition Indebtedness</u>"); (ii) as of the Commencement Date and as of the date of this Order, the Prepetition Indebtedness is secured by liens on and security interests in (the "<u>Prepetition Liens</u>") certain inventory and accounts of the Debtor, and their proceeds, described in the Financing Agreement and in Section 1.2 of that certain Security Agreement between U.S. Bank National Association and Patriot Steel, Inc., dated July 1, 2008 (the "<u>Collateral</u>") with a salable value the Debtor believes is at least equal to the Prepetition Indebtedness; and (iii) as of the Commencement Date, Senior Lender held, and continues to hold, a first-priority perfected security interest in the Prepetition Collateral, subject only to senior

5

prepetition statutory liens, if any, and the security interest of Integra Bank National Association in certain of Debtor's equipment (the "Integra Liens"). Senior Lender has asked Debtor to make additional acknowledgments regarding the enforceability of Senior Lender's rights in the Final Order.

J. **Final Hearing.** At the Final Hearing, the Debtor will seek approval of the relief requested in the Motion for authorization of the Senior DIP Financing arrangements on a final basis pursuant to a final order (the "Final Order"), notice of which Final Hearing will be provided in accordance with this Interim Order.

K. **Notice.** The Debtor has made reasonable efforts to afford the best notice possible notice of the Interim Hearing and the emergency relief requested in the Motion to the following parties (collectively, the "Notice Parties"): Each party on the service list; named parties . Under the circumstances, such notice provided to the Notice Parties is good and sufficient to permit the interim relief set forth in this Interim Order, and no other or further notice is or shall be required.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. **Motion Granted.** The Motion is granted, and Debtor is authorized to obtain Senior DIP Financing on an interim basis, subject to the terms and conditions set forth in this Interim Order.

2. **Objections Overruled.** All objections to the Motion to the extent not withdrawn or resolved are hereby overruled, without prejudice to such objections being raised again with regard to entry of the Final Order.

6

3.  <u>Authorization and Terms</u>.  The Senior DIP Financing and Senior DIP Loan Documents are hereby approved and authorized in all respects as follows, on an interim basis:

   a. <u>Senior DIP Loan Documents</u>.  The Debtor is hereby authorized to enter into, and perform the obligations pursuant to, the Senior DIP Loan Documents and such documents are hereby deemed binding, valid and fully enforceable against the Debtor, the bankruptcy estate, and any predecessor, successor or assign of the Debtor or the estate, including, without limitation, any subsequently appointed chapter 11 or chapter 7 trustee herein; <u>provided, however,</u> that any terms and covenants which the Senior DIP Loan Documents expressly make conditional upon entry of the Final Order shall not become effective until such entry.

   b. <u>Maximum Amount</u>.  The Debtor is hereby authorized to obtain financing from Senior Lender up to an aggregate principal or face amount of $3,000,000 (plus interest, fees and other expenses provided for in the Senior DIP Loan Documents), in accordance with the terms of this Order and the Senior DIP Loan Documents, which shall be used for all purposes permitted under the Senior DIP Loan Documents, including, without limitation, to provide working capital for the Debtor and to pay interest, fees and expenses in accordance with this Order and the Senior DIP Loan Documents.

   c. <u>Other Documents and Actions</u>.  In addition to the other provisions of this Paragraph 3, Debtor is authorized to execute all other documents and perform all other actions necessary to effectuate the Senior DIP Financing, except as prohibited by this Order.  Among other actions, Debtor is authorized to incur

overdrafts and related liabilities arising from treasury, depository and cash management services or in connection with any automated clearing house fund transfers provided to or for the benefit of the Debtor by Senior Lender or any of its affiliates; *provided, however,* that nothing herein shall require Senior Lender or any other party to incur overdrafts or to provide any such services or functions to the Debtor.

d. <u>Super-Priority Claim</u>. Pursuant to section 364(c)(1) of the Bankruptcy Code, Debtor's obligation to repay the Senior DIP Financing (the "<u>Senior DIP Obligations</u>") shall constitute an allowed claim against the Debtor with priority over any and all administrative expenses, diminution claims and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 364(c), 503(b), 506(c), 507(a), 507(b), 726, 1113 or 1114 of the Bankruptcy Code, which allowed claims shall be payable from and have recourse to all pre- and post-petition property of the Debtor and all proceeds thereof.

e. <u>Collateral for Senior DIP Financing</u>. As security for the Senior DIP Financing, effective and perfected upon the Commencement Date and without the necessity of the execution, filing and recordation by the Debtor or Senior Lender of any mortgages, deeds of trust, security agreements, control agreements, pledge agreements, financing statements or other similar

8

documents, Senior Lender is hereby granted and deemed to hold valid, perfected, first priority security interests in and liens upon all Collateral, which liens shall be senior to all other liens, interests and encumbrances except the Integra Liens. Collateral that was subject to the Prepetition Liens prior to the Commencement Date is referred to herein as "<u>Prepetition Collateral</u>" and includes proceeds of Collateral as of the Commencement Date pursuant to section 552(b) of the Bankruptcy Code; Collateral to which Senior Lender's liens first attached on or after the Commencement Date (except as provided in section 552(b) of the Bankruptcy Code) is referred to herein as "<u>Senior DIP Collateral</u>." Notwithstanding anything to the contrary herein or otherwise, Senior DIP Collateral shall not include any of the Debtor's avoidance actions arising under Sections 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code.

f.  <u>Protection of Senior Lender's Collateral</u>. Except for the Integra Liens, the security interests and liens granted to Senior Lender hereunder or pursuant to the Senior DIP Loan Documents shall not be subject or subordinate to (i) any lien or security interest that is avoided and preserved for the benefit of the Debtor and its estate under section 551 of the Bankruptcy Code or (ii) any liens and security interests arising in favor of any other entity after the Commencement Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtor.

  g. <u>Credit-Bidding Protection</u>. In the event of any sale or disposition of the Collateral, Senior Lender shall have the right to credit bid any or all of the Prepetition Indebtedness or Senior DIP Obligations under section 363(k) of the Bankruptcy Code.

 4. <u>No Priming of DIP Liens Except for the Integra Liens</u>. No liens shall be granted to any person or entity pursuant to Section 364(d) of the Code or otherwise which are senior or equal to the liens and security interests of Senior Lender upon the Collateral. The Debtor, on its own behalf and on behalf of the bankruptcy estate, shall not assert and instead waives, effective immediately, any claim under Section 506(c) of the Bankruptcy Code. In addition, Senior Lender shall not be subject to the equitable doctrine of marshaling or any similar doctrine with respect to the Collateral or otherwise.

 5. <u>Events of Default</u>. Debtor shall be deemed in default under this Order upon the occurrence of any of the following "<u>Events of Default</u>," except if such Event of Default is specifically waived in writing by Senior Lender in its sole discretion, which waiver shall not be implied from any other action, inaction or acquiescence of Senior Lender:

  a. Any event of default, as defined by the Senior DIP Loan Documents, that occurs after the Commencement Date;

  b. Failure of Debtor to pay all of its obligations to Senior Lender when due;

  c. Any failure of Debtor to perform in any material respect any of its obligations pursuant to this Order;

  d. The appointment of a trustee pursuant to either sections 1104(a)(1) or, 1104(a)(2) of the Code;

  e. The appointment of an examiner with expanded powers;

10

      f. The conversion or dismissal of this case;

      g. The entry of an order providing for relief from the automatic stay on any item comprising the Collateral valued at $25,000 or more; or

      h. The entry of any order amending, modifying, violating, contradicting, reversing, revoking, staying, rescinding or vacating this Order without the express prior written consent of Senior Lender (which may be withheld in Senior Lender's sole discretion and shall not be implied from any other action, inaction or acquiescence by Senior Lender).

    6. <u>Default Remedies</u>. Upon the occurrence of any Event of Default (unless waived by Senior Lender in writing in its sole discretion) or of the Maturity Date, in the absence of immediate and full payment in cash of all outstanding principal, interest, fees and other charges under the Prepetition Facility and the Senior DIP Loan Documents by 8:00 a.m. (Central Prevailing Time) on the fifth (5th) Business Day after the date on which Senior Lender shall have given written notice (by facsimile or otherwise) to the Debtor and its counsel, counsel of record for any Statutory Committee and the United States Trustee of Senior Lender's intention to exercise and enforce its rights:

      a. All sums owed by Debtor to Senior Lender shall become immediately due and payable.

      b. Senior Lender immediately shall have no further obligation to lend pursuant to the Prepetition Financing or the Senior DIP Loan Documents; and

      c. Debtor shall segregate and account for any cash in the Debtor's possession, custody or control and hold such cash for the benefit of Senior Lender, subject to further order of this Court.

7. <u>No Third Party Rights</u>. Except for Debtor, Senior Lender, Junior Lender, and as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

8. <u>Binding Effect of Interim Order</u>. Immediately upon entry by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon the Debtor, Senior Lender, Junior Lender, all other creditors of the Debtor, any Statutory Committee, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of these cases, or upon dismissal of any of these cases. In the event of any inconsistency between the provisions of this Interim Order and any other order (including any "First Day" order), other than the Final Order, the provisions of this Interim Order shall govern and control. Any payments to be made under any order (including any "First Day" order) shall be made in accordance with this Interim Order and the 13-Week Projection.

9. <u>Accounting by Debtors</u>. Within 5 business days after the entry of this Order, Debtor shall account to Senior Lender for all cash, checks, notes, drafts, instruments, acceptances or other property representing cash or other proceeds of Prepetition Collateral in Debtor's possession or control.

10. <u>Cash Management</u>. Debtor and Senior Lender are hereby authorized to: (i) continue the existing lockbox and similar arrangements in existence as of the Commencement Date; (ii) deposit all proceeds of Prepetition Collateral and Senior DIP Collateral in such lockboxes and similar accounts; and (iii) to apply the proceeds of the Prepetition Collateral to the Prepetition Indebtedness in accordance with the Prepetition Facility and to re-advance such proceeds to Debtor in accordance with the Senior DIP Loan Documents, which advances shall

constitute a Senior DIP Obligation. Effective upon entry of this Interim Order, Debtor waives, and is estopped from asserting, any right to use Senior Lender's cash collateral (as defined in section 363(a) of the Bankruptcy Code).

11. <u>Insurance</u>. Debtors are authorized and directed to establish and maintain insurance coverage on the Collateral for the full replacement value therefor and to cause Senior Lender to be named as a loss payee for the insurance policies. In addition, Debtors shall maintain adequate casualty and general liability insurance and shall name Senior Lender as an additional insured on all insurance policies. The insurance policies and related endorsements shall be in form and substance reasonably acceptable to Senior Lender.

12. <u>Amendments</u>. The Senior DIP Loan Documents and Junior DIP Loan Documents may be amended with the consent of the parties thereto (i.e., Debtor and Senior Lender for the Senior DIP Loan Documents; Debtor and Junior Lender for the Junior DIP Loan Documents), without further approval of the Court, on written notice received five business days prior to the effective date of the amendment at issue (the "<u>Amendment</u>") by (a) the U.S. Trustee, (b) Senior Lender, (c) Junior Lender, and (d) any Statutory Committee (the "<u>Amendment Notice Parties</u>"). If within those five business days the Debtor and its counterparty to the Amendment receive a written objection from an Amendment Notice Party, the Amendment will require Court approval. In that event, Debtor shall file a motion with the Court, served pursuant to the Federal Rules of Bankruptcy Procedure and any applicable Local Bankruptcy Rules, seeking approval of the Amendment.

13. <u>Final Hearing</u>. The Final Hearing is scheduled for _____, 2010 at before the Honorable Basil H. Lorch III, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of Indiana, in _____ Indiana.

On or before _____, 2010, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with a copy of this Interim Order and the Motion, on: (a) the Notice Parties; (b) any party which has filed prior to such date a request for notices with the Court; and (c) counsel for any Statutory Committee. The Final Hearing Notice shall state that any party in interest objecting to the relief requested in the Motion on a final basis shall file written objections with the Clerk of the Court no later than on _____, 2010 at _____ (EST Time), which objections shall be served so as to be received on or before such date by: (i) counsel to the Debtor, Attn: Maurice Doll, P.O. Box 703, Newburgh, IN 47629-070; (ii) counsel to any Statutory Committee; (iii) counsel for Senior Lender, attn: Randall D. LaTour, 52 East Gay Street, P.O. Box 1008, Columbus, Ohio 43216-1008; and (iv) the Office of the United States Trustee for the Southern District of Indiana, Attn: Ronald Moore, 101 West Ohio, Suite 1000, Indianapolis, Indiana 46204.

14. Effect of this Interim Order. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable nunc pro tunc to the Commencement Date immediately upon execution thereof.

15. Senior DIP Financing Not To Be Discharged. The Senior DIP Financing, unless otherwise paid in full or provided as otherwise agreed upon by Senior Lender, shall not be discharged by the entry of an order (i) confirming a plan of reorganization in the Debtor's chapter 11 case and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor having hereby waived such discharge; or (ii) dismissing Debtor's chapter 11 case.

16. Fees and Expenses of Senior Lender. Debtor is authorized to immediately pay or reimburse Senior Lender, as provided by the Senior DIP Loan Documents, for all reasonable

attorneys' fees, costs, expenses and charges incurred by Senior Lender in connection with preparing, negotiating, and implementing the Senior DIP Loan Documents.

17. <u>Notice</u>.  Any notices required or allowed under this Order shall be given by regular first class mail, overnight mail or hand delivery, as follows:

>If to Debtor:
>
>Patriot Steel, Inc.
>Attn. Jack D. Cook
>3350 Claremont Ave.
>Evansville, IN 47712
>
>and
>
>Maurice Doll, Esq.
>Morrie Doll & Associates llc
>P.O. Box 703
>Newburgh, IN 47629-0703
>
>
>If to Senior Lender:
>
>U.S. Bank National Association
>Location CN-WN-14SC
>425 Walnut Street
>Cincinnati, OH  45202
>Attn: Ms. Suzanne E. Geiger, Senior Vice President
>Fax No.: (513) 632-2040
>
>and
>
>Randall D. LaTour, Esq.
>Vorys, Sater, Seymour and Pease LLP
>52 East Gay Street
>Columbus, OH 43216
>Telephone: (614) 464-8290
>Facsimile: (614) 719-4821
>Email: rdlatour@vssp.com

18. <u>Retention of Jurisdiction</u>.  This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

IT IS SO ORDERED.

###